NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-56

COMMONWEALTH

vs.

AMY R. WILSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Amy R. Wilson, appeals from her conviction in District Court of operating a motor vehicle while under the influence of alcohol (OUI), second offense, in violation of G. L. c. 90, § 24 (1) (a) (1). Her only claim on appeal is that it was error to deny her motion to suppress the results of a blood alcohol test conducted by hospital staff after she was brought to the hospital by public safety personnel without her consent. Because we agree with the motion judge that the blood draw was not the result of State action, we affirm.

Background. On September 7, 2019, Duxbury police discovered the defendant at the scene of a car accident. Despite her insistence that she was unhurt, the defendant had blood on her shirt and around her mouth, so the officers requested that the fire department come to the scene to attend

to her injuries.  Officers also noticed that she appeared to be drunk, and she admitted that she had consumed several beers earlier that night.

The defendant was taken to the hospital, where a physician noted she was "clinically intoxicated."  Her blood was therefore drawn in order to check her ethanol level and "determine how long [the medical staff] need[ed] to observe the patient and reassess for any injuries from the accident."  The medical record showing the result reads "ethanol result for medical purposes only."

The defendant was charged with three counts related to the car accident, but only the OUI count is at issue here.  Before trial, she twice moved to suppress the results of the blood alcohol test and submitted a total of three affidavits.  The first motion argued that the Commonwealth could not demonstrate the medical purpose of the test -- as required to admit hospital records in evidence under G. L. c. 233, § 79 -- without live testimony from the nurse who drew the blood, who had since passed away.  See generally Commonwealth v. Sheldon, 423 Mass. 373, 376-377 (1996).  The judge denied the motion, finding that the blood draw was "solely for medical purposes" and that this was evident from the face of the record itself.

In the defendant's motion for reconsideration, she claimed that the test results must be suppressed because without the

2

nurse's testimony, the Commonwealth could not show that she freely consented to the blood draw, as the defendant asserted the Fourth Amendment requires in these circumstances. See generally Commonwealth v. Dennis, 96 Mass. App. Ct. 528, 537 (2019). In short, the accompanying affidavits claimed that the defendant did not want to be checked out by medical staff, but that she went to the hospital anyway because she believed that she would be arrested if she refused. She further stated, without elaboration, "I believe the Duxbury police spoke to medical staff while I was being treated and/or prior to any treatment." The judge denied the motion for reconsideration on the ground that the blood draw was not the product of State action. The judge found "no evidence . . . that the blood drawn at the hospital was taken at the direction of the police." The results of the blood test were admitted as evidence at the jury trial, and the defendant was found guilty. Thereafter, the defendant waived a jury on the subsequent offender portion of the complaint and the judge found her guilty.

Discussion. When reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact absent clear error, but we review the motion judge's ultimate findings and conclusions of law de novo. See Commonwealth v. Scott, 440 Mass. 642, 646 (2004). On appeal, the defendant argues that the judge erred in denying the motion for

3

reconsideration because the blood draw was the result of an illegal seizure by the police, making the results of the blood alcohol test inadmissible as "fruit of the poisonous tree." See generally Wong Sun v. United States, 371 U.S. 471, 488 (1963). We are not persuaded.

First, the defendant has not established that any illegal seizure occurred. At oral argument the defendant conceded, and we agree, that the police had probable cause to arrest her for operating under the influence. The defendant cites no authority suggesting that, in such circumstances, the police may not also take her to the hospital for a medical evaluation of her apparent injuries.

Second, and in any event, the exclusionary rule does not exclude evidence merely because it would not have been obtained "but for" assertedly unlawful police action. See Commonwealth v. Fredericq, 482 Mass. 70, 78 (2019). Instead, the question is whether the blood draw was obtained by exploitation of a potentially unlawful seizure, "or instead by means sufficiently distinguishable to be purged of the primary taint." Id., quoting Commonwealth v. Damiano, 444 Mass. 444, 453 (2005). See Wong Sun, 371 U.S. at 488 (same); Garcia-Aguilar v. Lynch, 806 F.3d 671, 675 (1st Cir. 2015) (same). Here, we think that the independent decision of the medical staff to take the blood draw for their own purposes, even if a but-for result of the actions

4

of the police, is a means sufficiently distinguishable from any potential unlawful seizure, because the medical staff were private parties, not acting as agents of the State for Fourth Amendment purposes.

"The Fourth Amendment, and the accompanying rule of exclusion, apply only to government action.  Evidence discovered and seized by private parties is admissible without regard to the methods used, unless State officials have instigated or participated in the search."  Commonwealth v. Leone, 386 Mass. 329, 333 (1982).  Whether evidence was seized as a result of State action depends on whether the police induced or directed the private party to provide the evidence and whether the private party acted with the intent to discover evidence on behalf of the police.  See Commonwealth v. Richmond, 379 Mass. 557, 561 (1980).  See also Commonwealth v. Storella, 6 Mass. App. Ct. 310, 315 (1978) (exclusionary rule does not apply where private party "did not act as agents of the State in acquiring or 'seizing' the evidence").  "In cases involving the performance by physicians or other medical personnel of medical tests or procedures for medical purposes, this court has consistently declined to find State action . . . [e]ven when the police are present and may seek to use the medical evidence in a

subsequent prosecution." Commonwealth v. Arruda, 73 Mass. App. Ct. 901, 904 (2008).[1]

Here, the judge found that the medical staff at the hospital drew the defendant's blood for medical purposes without any direction from police. Even assuming that the judge was required to credit the affidavits presented by the defendant, as she contends, they were not adequate to show that the police asked or encouraged the medical staff to draw blood, or that the medical staff acted for any investigatory purpose. In short, they do not establish that the judge's findings were clearly erroneous.

Nor was the affidavits' content, even if credited, enough to render the judge's decision not to hold an evidentiary hearing an abuse of discretion. The defendant's belief that the Duxbury police "spoke to medical staff while [she] was being

---

[1] We recognize that the exclusionary rule may still apply to evidence obtained by a private party when police intentionally violate a suspect's Fourth or Fifth Amendment rights in order to prompt or facilitate the private party's actions. See Commonwealth v. Lahti, 398 Mass. 829, 832-833, 836-837 (1986), cert. denied, 481 U.S. 1017 (1987) (where police unlawfully questioned defendant for purpose of learning additional victims' identities, those victims' testimony was fruit of poisonous tree). Here, however, the defendant has not shown that the police conduct in ensuring that she obtained a medical evaluation was a violation of her Fourth Amendment rights, let alone an intentional and purposeful one. Cf. Damiano, 444 Mass. at 455 (in determining whether evidence obtained by means sufficiently distinguishable from underlying illegal seizure, one relevant factor is "purpose and flagrancy" of police misconduct).

6

treated" was not an adequate showing of police instigation of or participation in the blood draw to require a hearing to further explore that issue, particularly where the claim was made for the first time in a motion for reconsideration.

In sum, because the blood draw was not the product of State action, the judge properly denied the motion to suppress the test results, as well as the motion for reconsideration.

<u>Judgment affirmed</u>.

By the Court (Sullivan, Sacks & Ditkoff, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  April 21, 2023.

---

[2] The panelists are listed in order of seniority.